Gurley v. The People.

---

## WILLIS GURLEY

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Bastardy—Release of Claim—Fraud and Duress—Evidence.*

Upon bastardy proceedings, the defense being the execution of a release of all claims in consideration of the payment of a certain sum of money, this court holds that the same was procured through fraud and misrepresentation, and declines to interfere with a verdict for the plaintiff.

[Opinion filed March 1, 1889.]

APPEAL from the Circuit Court of Massac County; the
Hon. ROBERT W. McCARTNEY, Judge, presiding.

Mr. WILLIAM A. SPANN, for appellant.

Messrs. COURTNEY & HELM, for appellee.

PHILLIPS, J.  Appellant was found guilty in a prosecution
for bastardy, and brings the record to this court by appeal.

The evidence of the prosecutrix shows his guilt.  The
paternity of the child is not denied, but the defense relied on
is the execution of a release.  The execution of that release,
and that the same was explained to the prosecutrix, is shown.
The effect of that release is sought to be avoided by reason
of the fact that the signature thereto was procured by fraud
and misrepresentation and by duress.   The evidence shows
that James Richardson, a brother-in-law of appellant, visited
the prosecutrix and represented to her that appellant had left
the State and gone to Minnesota; that his family were to fol-
low him, and he would never return, and that she would
never get anything by the prosecution; this was untrue.  He
further said he would pay her $50 if she would execute a
release.  To that proposition she desired that her attorneys
who had been employed in the bastardy prosecution might be
consulted, and requested Richardson to see them.

It is not shown that he endeavored to see her attorneys;
but it appears he employed an attorney to write a release and
get her signature to the same.  The evidence shows the attor-
ney who was thus employed wrote the release and presented
the same to the prosecutrix; represented to her that he was
not employed by the appellant and was her friend, and would
advise her right.  He further represented that if she did not
sign the release the father would kidnap her child.  To these
representations she replied she would do whatever that attor-
ney said was best, and he said sign it.  The attorney does not
deny these statements of the prosecuting witness, and on

cross-examination states he made the representations of friend-ship to produce her confidence, but further insists he advised her correctly. The prosecutrix further testifies that she relied on the advice of that attorney as a friend, on his representa-tions, and her·fears were so excited that she believed her child, soon to be born, would be kidnaped; that she signed the release without understanding it, and that it was signed by the advice of that attorney. There was such fraud and misrepresentation in procuring her signature to the release as 'to avoid it.

The jury were correctly instructed, and had the evidence before them. They found the release was procured.by fraud, misrepresentation and duress, and found the appellant guilty. The verdict was right, and the judgment is affirmed.

*Judgment affirmed.*