## The People ex rel., etc., v. Rudolph Kuechler.

1. Practice—*Release in Bastardy Proceedings.*—Where the defendant in a bastardy suit makes a motion to dismiss the proceedings upon the ground of a settlement with the complainant and a release from her, and she resists the motion, it is the duty of the court to deny the motion, make up an issue as required by law, and put the defendant upon trial, leaving him to plead the release, etc.

Bastardy Proceedings.—Error to the County Court of Scott County; the Hon. James Callans, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded with directions. Opinion filed February 27, 1900.

T. J. Priest, State's Attorney, J. M. Riggs and H. B. Kelley, attorneys for plaintiff in error.

James A. Warren, attorney for defendant in error.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The record of this case shows that Fannie Loving, the relator, an unmarried woman residing in Scott county, made complaint to a justice of the peace of that county, charging that Rudolph Kuechler, the defendant in error, was the father of her unborn child, which by law would be deemed a bastard. The justice issued a warrant against the defendant, under which he was arrested and brought forthwith before him, and the relator was examined touching the charge thus made. This examination convinced the justice that good cause appeared, so he bound the defendant with sufficient security to appear before the County Court of Scott County to answer the charge, and returned the warrant and bond to that court. Afterward the defendant presented to the County Court of Scott County his motion to dismiss the bastardy proceeding thus instituted against him, on the grounds that the same had been settled by him with the relator, and the settlement had been approved by that court, as per copy of settlement on file in that court. The plaintiff presented a cross-motion to strike from the files defendant's motion to dismiss, "because if the matter he sets up is a valid defense, it should be set up on trial in bar, and can not be set up on motion;" but the court overruled the cross-motion and plaintiff excepted. At the request of the plaintiff the court then allowed a showing to be made against the motion to dismiss, and the affidavits of the relator, of her mother, of her uncle, and of her grandfather, were presented to the court, by which it appeared that the so-called settlement had been obtained by the defendant with the relator against her will and consent, and while she was under the age of eighteen years, and that the relator had tendered all the money paid her for the release by the defendant (the same being $50) back to him but he refused it, and she had paid it to the clerk of that court for his use; and that the defendant was guilty as charged. In rebuttal the defendant introduced the justice of the peace before whom the preliminary hearing in the bastardy proceedings was had, as a witness, who testified that the relator,

The People v. Kuechler.

at that hearing, testified that she would be eighteen years old in February, 1899. There was also introduced in evidence by the plaintiff, a certified copy of a return of birth as shown by register of births on file in the office of the clerk of County Court of Piatt County, Illinois, by which it appeared that one W. M. Harsha, M. D., under date of March 1, 1881, certified that on February 3, 1881, a female child was born at Cerro Gordo, Illinois, whose mother's name was Laura Alice Loving; father's name was William Loving; the name of the medical attendant at such birth was W. H. Harsha, and that said child was the fourth child of the mother. Attached to said motion and made a part thereof, was a writing as follows:

"STATE OF ILLINOIS, } ss. In the County Court, July term,
Scott County. } A. D. 1899.

THE PEOPLE OF THE STATE OF ILLINOIS }
v. } Bastardy.
RUDOLPH KUECHLER. }

I, Fannie Loving, the prosecuting witness in above entitled cause, and a resident of the county and State aforesaid, have this day released the defendant, the reputed father of my child, from all legal liability on account of such bastardy, upon the release being approved by the judge of the County Court of said county. The terms of such release being fifty dollars in cash paid by the defendant in this case, which sum I hereby acknowledge receipt of, and that I am over eighteen years of age, and understand this settlement fully, subject to approval of county judge.

Dated this 29th day of June, A. D. 1899.

FANNIE LOVING, Mother of Bastard Child.

Witness: FRED CALLANS.

This day came the above parties, the prosecuting witness and the defendant, and the court finds that both parties are of lawful age and fully competent to settle the above cause; and the court further finds that said settlement was fully made without undue influence on the part of the defendant, and said settlement is now by the court approved.

Dated this 29th day of June, A. D. 1899.

JAMES CALLANS,
County Judge."

The County Court then entered an order sustaining defendant's motion dismissing the bastardy proceeding,

to which plaintiff excepted. . To reverse that order the plaintiff brings that proceeding to this court by writ of error, and insists that the County Court erred in dismissing the proceeding without putting the defendant upon trial on the merits.

It is very clear that after the preliminary hearing before the justice, and the binding of the defendant over by him to the County Court upon the charge of bastardy preferred by the relator, and the filing of the warrant and bond with the clerk of that court, that under the provisions of section four of our bastardy act, that court should have caused an issue to be made up, whether the defendant charged is the real father of the child or not, which issue should have been tried by a jury, unless a jury was waived. And while, by the provisions of section eighteen of said act, the mother of a bastard child, before or after its birth, may release the reputed father of such child from all legal liability on account of such bastardy, upon such terms as may be consented to in writing by the judge of the County Court of the county in which such mother resides, yet such release, in order to bar the proceedings, must be fairly obtained by the defendant, or if the mother of the child was under the age of eighteen years when such release was obtained, then in that case the same may be avoided like any other contract made by a minor.

Therefore, when the defendant moved to dismiss the bastardy proceeding pending against him on the ground that the same had been settled by a release obtained by him from the mother of the bastard child, and the plaintiff gave the court to understand by the affidavits presented in resist-. ance of that motion, that fraud was practiced upon such mother by the defendant, when he obtained such release, and also that the mother was a minor when she executed such release, and for that reason desired to avoid the same, and had offered to pay back the money received therefor, that court should have overruled the motion to dismiss, and compelled the defendant to go to trial upon the issue required to be made by section four of said act, and upon such trial

the defendant should be permitted, in addition to the defense of not guilty, to show, if he can, that he had obtained a valid release from the mother of the child as a bar to the proceedings, permitting the plaintiff also to avoid the bar of such release by showing, if such is the fact, that such release was procured by fraud, misrepresentation, or duress practiced upon such mother by the defendant or his agents; that being the course pursued in Gurley v. The People, 31 Ill. App. 465. Likewise the court should allow the plaintiff to avoid the bar of such release by showing on the trial, if it is a fact, that Fannie Loving, the mother of the child, was under the age of eighteen years when she executed such release, and that she had tendered back to the defendant before the trial, all the money she had received from him for such release. For the error committed by the County Court in entering an order in this proceeding sustaining the motion of the defendant, and dismissing the proceeding, we reverse that order and remand the proceeding to that court with directions to overrule that motion and then proceed herein in accordance with law and justice, and not inconsistent with the views expressed in this opinion. Reversed and remanded with directions.